UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: JACOB RONALD SANCHEZ and
NATIVIDAD SANCHEZ,

No. 13-09-10955 MA

Debtors.

## ORDER DENYING CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN

THIS MATTER is before the Court on confirmation of Debtors' Chapter 13 Plan. Debtors have proposed a thirty-six month plan with monthly payments of $50.00. This plan will not result in any distribution to unsecured creditors and is not sufficient to pay the anticipated attorneys' fees as reported in their plan. Because the Debtors received a Chapter 7 discharge within eight years of the filing of the instant petition, they are not eligible to receive a Chapter 7 discharge. *See* 11 U.S.C. § 727(a)(8).[1]

The Chapter 13 Trustee asserts that the plan is not feasible and fails to meet the good faith requirement of 11 U.S.C. § 1325(a)(3). She further points out that this is not the Debtors' first bankruptcy case. The Debtors acknowledge that they are not eligible to receive a Chapter 7 discharge, and candidly concede that their motivation for filing a Chapter 13 bankruptcy case and proposing a three-year plan was to stave off aggressive creditors, at least one of which had obtained a pre-petition writ of garnishment against them. In support of confirmation, Debtors assert that they are advanced in age, earn far less than the median income for a family of the same size in this district, and pledge to contribute as much as they can afford to their plan. The

---

[1]That code section provides, in relevant part:
    The court shall grant the debtor a discharge, unless--
        the debtor has been granted a discharge under this section . . . in a case
        commenced within 8 years before the date of the filing of the petition[.]
    11 U.S.C. § 727(a)(8).

1

Court held a final hearing on confirmation on May 11, 2009 and took the matter under advisement. After considering the arguments of counsel, reviewing the record in this proceeding, and taking judicial notice of the Debtors' prior bankruptcy cases, the Court finds that the Debtors' plan cannot be confirmed.

FACTS AND DISCUSSION

This Chapter 13 case is the Debtors' third bankruptcy case in eleven years. They filed a Chapter 7 case on March 20, 1998 as Case No. 7-98-11764 MA, and received a discharge on June 24, 1998. They filed a second Chapter 7 case on November 15, 2004 as Case No. 7-04-18290 MA, and received a discharge on February 28, 2005.[2] In their second Chapter 7 proceeding, the Debtors discharged $25,158.30 in general unsecured claims. *See* 7-04-18290 MA - Schedule F. They filed the instant case under Chapter 13 of the Bankruptcy Code on March 10, 2009, only four years and four months after the date of the filing of their previous Chapter 7 case. In the instant case, the Debtors list $36,260.20 in unsecured, non-priority claims. *See* Schedule F. Thus, the Debtors have amassed over $60,000.00 in unpaid, unsecured debts since they received their first discharge in 1998. The Debtors' bankruptcy history indicates a pattern whereby the Debtors incur debts they are unable to repay and then seek bankruptcy protection every few years in order to alleviate their debt burden

The Debtors' Schedule I reflects that Mr. Sanchez is employed in construction contracting and management with net monthly income of $2,023.71. Ms. Sanchez is retired and

---

[2]In 2004, the applicable limitation period for receiving successive discharges was six years. Section 727(a)(8) then provided: "The court shall grant the debtor a discharge unless . . . . the debtor has been granted a discharge under this section . . . in a case commenced within six years before the date of the filing of the petition." 11 U.S.C. § 727(a)(8) (2004) (current version at 11 U.S.C. §727(a)(8) (2005)).

receives monthly income of $304.00 in social security benefits.  Schedule J lists monthly expenses in the amount of $2,272.00, leaving net monthly income after expenses in the amount of $55.71.  The Debtors list no secured claims.  The Debtors' Chapter 13 plan proposes to make monthly payments of $50.00 for a term of thirty-six months.  Their plan further reports that the Debtors have paid their attorney $226.00 in connection with this case, and that the total amount of attorneys' fees their counsel anticipates will be incurred in connection with the case is $3,000.00.  At $50.00 per month for thirty-six months, the Debtors' plan base is $1,800.00, which is insufficient to pay the anticipated balance of their counsel's attorneys' fees and will result in no distribution to the Debtors' unsecured creditors.  At the final hearing on confirmation, Debtors' counsel stated that he would waive any claim to the balance of any fees that remain unpaid after completion of Debtors' payments under the plan.

Confirmation under Chapter 13 of the Bankruptcy Code is governed by 11 U.S.C. § 1325.  Among the requirements for confirmation is that "the plan has been proposed in good faith and not by any means forbidden by law."  11 U.S.C. § 1325(a)(3).  The plan must also be feasible, meaning that "the debtor will be able to make all payments under the plan and to comply with the plan."  11 U.S.C. § 1325(a)(6).  Inasmuch as the plan base is insufficient to pay the anticipated attorneys' fees reflected in the plan, the plan is infeasible on its face and, therefore, fails to satisfy 11 U.S.C. § 1325(a)(6).  As discussed below, the plan also fails to satisfy the good faith requirement.

In measuring the good faith requirement of 11 U.S.C. § 1325(a)(3), the Court should consider the "totality of the circumstances" as discussed by the Tenth Circuit in *Flygare v.*

3

*Boulden (In re Flygare),* 709 F.2d 1344 (10th Cir. 1983).[3] The relative weight given to individual factors depends upon the facts and circumstances of the case. *Flygare,* 709 F.2d at 1347 and 1348. The Debtors bear the burden of establishing that their plan has been proposed in good faith.[4]

Based on the facts and circumstances present in this case, the Court finds that this proposed plan fails to satisfy the good faith requirement under 11 U.S.C. § 1325(a)(3). It is clear

---

[3] *See In re Alexander,* 363 B.R. 917, 923 (10th Cir. BAP 2007)(stating that "[g]ood faith is evaluated on a 'case-by-case basis' by examining the totality of the circumstances.")(citing *Flygare v. Boulden,* 709 F.2d 1344, 1347 (10th Cir. 1983)(quoting *In re Estus,* 695 F.2d 311, 315 (8th Cir. 1982)); *In re Martin,* 373 B.R. 731, 734 (Bankr.D.Utah 2007)(applying *Flygare* factors to measure the good faith requirement under 11 U.S.C. § 1325(a)(3)).

The factors relevant to the Court's good faith analysis include, but are not limited to:
- (1) the amount of the proposed payments and the amount of the debtor's surplus;
- (2) the debtor's employment history, ability to earn and likelihood of future increases in income;
- (3) the probable or expected duration of the plan;
- (4) the accuracy of the plan's statements of the debts, expenses and percentage repayment of unsecured debt and whether any inaccuracies are an attempt to mislead the court;
- (5) the extent of preferential treatment between classes of creditors;
- (6) the extent to which secured claims are modified;
- (7) the type of debt sought to be discharged and whether any such debt is non-dischargeable in Chapter 7;
- (8) the existence of special circumstances such as inordinate medical expenses;
- (9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act;
- (10) the motivation and sincerity of the debtor in seeking Chapter 13 relief; and
- (11) the burden which the plan's administration would place upon the trustee.

*Flygare,* 709 F.2d at 1347-1348 (quoting *Estus,* 695 F.2d at 317).

[4] *See Alexander,* 363 B.R. at 922 ("once there has been an objection, the debtor must produce some evidence of his good faith."). *See also, In re Davis,* 239 B.R. 573, 577 (10th Cir. BAP 1999)("'The party who seeks a discharge under Chapter 13 bears the burden of proving good faith. Best efforts under 11 U.S.C. § 1325(b), without more, are not enough.'")(quoting *Hardin v. Caldwell (In re Caldwell),* 895 F.2d 1123, 1123 (6th Cir. 1990)(citations omitted)).

4

from the Debtors' plan that while the Debtors seek protection under the Bankruptcy Code, they only propose to make minimal payments for a minimum plan term. They are not eligible to receive a Chapter 7 discharge because they received a discharge in a Chapter 7 proceeding filed within eight years of the date of the filing of this Chapter 13 case. *See* 11 U.S.C. § 727(a)(8). Their proposed plan will result in no distribution to unsecured creditors, and pay only a portion of the anticipated attorneys' fees. Thus, even though their budget indicates that they have no ability to make greater monthly payments, the plan fails to meet the requirements of good faith because confirmation would, in effect, grant the Debtors the benefits of the automatic stay and yet another discharge without a corresponding burden on the Debtors to repay at least a portion of their debts through payments under a Chapter 13 plan.

The Chapter 13 Trustee cites *In re Paley,* 390 B.R. 53 (Bankr.N.D.N.Y. 2008) in support of her argument that the Debtors' plan has not been filed in good faith. In *Paley,* the bankruptcy court found that a chapter 13 plan which proposed to pay only the debtors' attorneys' fees was not proposed in good faith. *Id.* at 60. Ms. Paley had filed a chapter 7 case in which she received a discharge within eight years of the filing of her Chapter 13 case and was, therefore, not eligible to receive a second Chapter 7 discharge. *Id.* at 55. The facts present in this case are similar to the facts in *Paley* inasmuch as the Debtors are not currently eligible to receive a Chapter 7 discharge and their proposed plan will only pay attorneys' fees, albeit not even all of those. "Confirming a Chapter 13 plan in a case where the only benefit to a debtor . . . is the ability to pay the bankruptcy attorney's fees over time would 'judicially invalidate § 727(a)(8)'s requirement of an eight-year hiatus between Chapter 7 discharges and replace it with either the four-year break required by § 1328(f)(1), or the two-year gap mandated by § 1328(f)(2).'" *In re*

5

*Montry,* 393 B.R. 695, 696-697 (Bankr.W.D.Mo. 2008)(quoting *Paley,* 390 B.R. at 60)).[5]  This Court agrees.

As stated by the bankruptcy court in *Paley,* the Court's inquiry as to a debtor's good faith, at its core, requires consideration of "'[w]hether the debtor came to bankruptcy court seeking a fresh start under Chapter 13 protection with an intent that is consistent with the spirit and purpose of that law – rehabilitation through debt repayment- or with an intent contrary to its purposes– debt avoidance through manipulation of the Code.'" *Paley,* 390 B.R. at 58 (quoting *In re McGovern,* 297 B.R. 650, 660 (S.D.Fla. 2003)).  Debtors' plan, which will result in no distribution to the Debtors' general unsecured creditors, is not consistent with the rehabilitation and repayment objectives intended by Chapter 13.  The Debtors are ineligible to receive a Chapter 7 discharge, yet seek the protection of the Bankruptcy Code and would discharge the entirety of their unsecured debts upon completion of their proposed plan.  Under these circumstances, the Court concludes that the Debtors' plan fails to satisfy the good faith requirement for confirmation under 11 U.S.C. § 1325(a)(3).  Consequently, confirmation must be denied.

WHEREFORE, IT IS HEREBY ORDERED that confirmation of Debtors' Chapter 13 plan is DENIED.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

Date entered on docket:  May 19, 2009

---

[5]*See also, Davis,* 239 B.R. at 577 ("'Courts should not approve Chapter 13 plans which are nothing more than 'veiled' Chapter 7 plans.'")(quoting *Caldwell,* 895 F.2d at 1126)(quoting *In re Warren,* 89 B.R. 87, 95 (9th Cir. BAP 1988)(other citations omitted)).

COPY TO

| | |
|---|---|
| Gary B Ottinger<br>Attorney for Debtors<br>PO Box 1782<br>Albuquerque, NM 87103-1782 | Kelley L. Skehen<br>Chapter 13 Trustee<br>625 Silver Ave. SW, Suite 350<br>Albuquerque, NM 87102 |

7